Case 4:16-cv-00294-A Document 32 Filed 12/02/16 Page 1 of 7 PageID 199

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC - 2 2016

CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SENECA INSURANCE CO., INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-294-A |
| | § | |
| EMERALD MANAGEMENT, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the amended motion of plaintiff, Seneca Insurance Co., Inc., to dismiss counterclaims of defendants, Emerald Management, LLC, and Landmark, LLC. The court, having considered the motion, defendants' response, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Nature of the Case and Counterclaims

On April 26, 2016, plaintiff filed its original complaint for declaratory judgment alleging: Plaintiff issued an insurance policy covering certain commercial property to defendants for the policy period of July 6, 2013 through July 6, 2014 (the "policy"). The policy provides limits of $6,057,408 with a co-insurance requirement of 100%. The policy also includes a windstorm/hail deductible of $25,000. On September 30, 2015, defendants tendered a claim for damages to the insured property

that allegedly occurred on or about April 3, 2014. Plaintiff investigated the claim, issued a reservation of rights letter, and requested an examination under oath pursuant to the policy's provisions, but defendants did not respond.

Plaintiff seeks declaratory judgment that the insurance policy it issued to defendants does not provide coverage for the loss made the basis of defendants' claim. Plaintiff also seeks a declaration that defendants failed to comply with policy conditions precedent to coverage.

On May 20, 2016, defendants filed their answer and counterclaims. Plaintiff filed a motion to dismiss the counterclaims. Defendants responded and filed amended counterclaims, making the first motion to dismiss moot.

In their amended pleading, defendants assert claims for declaratory judgment, breach of contract, noncompliance with the Texas Insurance Code regarding settlement practices (Tex. Ins. Code § 541.060(a)), noncompliance with the Texas Insurance Code regarding prompt payment of claims (Tex. Ins. Code § 542.056 & .058), violation of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41-.63 ("DTPA"), and bad faith.

II.

## Grounds of the Motion

As defendants note, the motion is one for partial dismissal as plaintiff does not challenge the counterclaim for breach of contract. As for the remaining claims, plaintiff asserts that defendants have not alleged an independent injury that would support extra-contractual damages; the extra-contractual damages claims do not meet the heightened pleading requirements of Fed. R. Civ. P. 9; and, defendants' counterclaim for declaratory judgment is superfluous.

III.

## Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause

3

of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting

4

fraud or mistake." The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly stated, Rule 9(b) requires a party to identify in its pleading "the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). Claims alleging violations of the Texas Insurance Code are subject to the requirements of Rule 9(b). Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

IV.

Analysis

Plaintiff first says that defendants have not alleged any facts that would support extra-contractual damages. The court agrees. There can be no recovery for extra-contractual damages for mishandling claims unless the complained of acts or omissions caused an injury independent of those that would have resulted from a wrongful denial of policy benefits. Parkans Int'l LLC v. Zurich Ins. Co., 299 F.3d 514, 519 (5th Cir. 2002). In other words, the manner in which the claim was investigated must be the

5

proximate cause of the damages alleged. <u>Provident Am Ins. Co. v. Castaneda</u>, 988 S.W.2d 189, 198-99 (Tex. 1998). Here, defendants have not alleged such a separate injury.[1]

The court need not address the remaining grounds of the motion, although it does note that defendants' claims are deficient in other respects. For example, an essential element of a prompt payment claim is that the plaintiff received all of the information to which it was entitled before expiration of a time limit for payment of the claim. <u>Tracy v. Chubb Lloyds Ins. Co.</u>, No. 4:12-CV-042-A, 2012 WL 2477706, at *7 (N.D. Tex. June 28, 2012); <u>Jimenez v. Allstate Texas Lloyd's</u>, No. 4:10-CV-4385, 2012 WL 360096, at *5 (S.D. Tex. Feb. 2, 2012). Defendants have not alleged facts to make out such a claim.

The court notes that defendants agree that their declaratory judgment count should be withdrawn.[2]

The court ORDERS that plaintiff's motion to dismiss be, and is hereby, granted, and defendants' counterclaims for noncompliance with the Texas Insurance Code regarding settlement practices (Tex. Ins. Code § 541.060(a)), noncompliance with the Texas Insurance Code regarding prompt payment of claims (Tex.

---

[1] The court notes that defendants have pending a motion for leave to supplement their counterclaims to allege additional damages arising from their need to refinance the property. Such damages do not arise from the claims handling itself, but from the denial of the claim.

[2] Defendants also recognize that the allegation regarding "illusory" contract is without merit.

Ins. Code § 542.056 & .058), violation of the DTPA, and bad faith be, and are hereby, dismissed.

The court further ORDERS that defendants' request for declaratory relief be, and is hereby, dismissed without prejudice, same having been withdrawn.

The court further ORDERS that defendants' motion to supplement counterclaims or alternatively to amend be, and is hereby, denied.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of said counterclaims.

SIGNED December 2, 2016.

_____
JOHN McBRYDE
United States District Judge